# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ZOE M. ARTIS | * | |
| | * | CASE NO. 09-25699 WIL |
| **Debtor** | * | CHAPTER 13 |
| | * | |

*******************************************

| | | |
|---|---|---|
| DLJ MORTGAGE CAPITAL, INC. | * | |
| (c/o Select Portfolio Servicing, LLC) | * | ADVERSARY PROCEEDING |
| 3815 Southwest Temple | * | No. 09-_____ |
| Salt Lake City, Utah 84115 | * | |
| **Plaintiff** | * | |
| | * | |
| v | * | |
| | * | |
| ZOE M. ARTIS | * | |
| 906 Jackson Valley Court | * | |
| Bowie, Maryland 20721 | * | |
| | * | |
| and | * | |
| | * | |
| ADA SERVICES CORPORATION | * | |
| 6561 Irvine Center Drive | * | |
| Irvine, California 92616 | * | |
| | * | |
| Serve on: CT Corporation System | * | |
| Resident Agent | * | |
| 155 Federal Street, Suite 700 | * | |
| Boston, Massachusetts 02110 | * | |
| | * | |
| and | * | |
| | * | |
| MARK H. FRIEDMAN, TRUSTEE | * | |
| 210 East Redwood Street, Suite 400 | * | |
| Baltimore, Maryland 21202 | * | |
| | * | |
| and | * | |
| | * | |
| KENNETH J. MACFADYEN, TRUSTEE | * | |
| 210 East Redwood Street, Suite 400 | * | |
| Baltimore, Maryland 21202 | * | |

and                                                         \*
                                                            \*
**TIMOTHY P. BRANIGAN**                                     \*
**Chapter 13 Trustee**                                      \*
**P.O. Box 1902**                                           \*
**Laurel, Maryland 20735**                                  \*
                                                            \*
     **DEFENDANTS**

## COMPLAINT

Plaintiff DLJ Mortgage Capital Inc., c/o Select Portfolio Servicing, LLC, by and through its attorneys Mark W. Schweitzer, Esquire, Christopher Hamlin, Esquire and McNamee Hosea Jernigan Kim Greenan & Lynch, P.A., hereby sues Defendants, pursuant to 11 U.S.C. §105(a), and Rules 7001 et seq., of the Federal Rules of Bankruptcy Procedure and for cause states as follows:

## PARTIES

1.  Plaintiff DLJ Mortgage Capital, Inc. [the "Plaintiff"], is a corporation engaged in the business of providing home mortgage loans.

2.  Defendant Zoe M. Artis ["Defendant Artis"] is an individual whose last known address is 906 Jackson Valley Court, Bowie, Maryland 20721.

3.  Defendant ADA Services Corporation ["Defendant ADA"], is a business located at 6561 Irvine Center Drive, Irvine, California 92616. Upon information and belief, Defendant ADA is the successor in interest to Option One Mortgage Services, Inc. ["Options One"]. Upon information and belief, Option One is the successor in interest to H&R Block Mortgage Corporation ["H&R Block"].

4.  Defendant Mark H. Friedman, Trustee ["Defendant Friedman"] is an individual whose address is 210 East Redwood Street, Suite 400, Baltimore, Maryland 21202.

5.  Defendant Kenneth MacFadyen, Trustee ["Defendant MacFadyen"] is an individual

2

whose last known address is 210 East Redwood Street, Suite 400, Baltimore, Maryland 21202.

6.      Defendant Timothy P. Branigan is the Chapter 13 Trustee [the "Trustee"] appointed in this case.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(K) and (O). Venue is appropriate in this Court under 28 U.S.C. §1408.

## SUMMARY OF RELIEF REQUESTED

8.      Pursuant to this Adversary Proceeding, Plaintiff seeks, inter alia, a declaratory judgment establishing that the Deed of Trust dated May 13, 2005 recorded against certain improved real property located at 906 Jackson Valley Court, Bowie, Maryland 20721 [the "Property"], is a valid and enforceable first priority deed of trust against the Property. As stated more fully herein, the pertinent land records regarding the Property establish that Defendant Artis is the sole owner of the Property, and obtained ownership during 2000.

9.      Defendant Artis thereafter obtained at least five (5) separate loans secured by the Property, from 2000 through 2007. Each of the loans was secured by a deed of trust recorded against the Property.

10.     In particular, Defendant Artis obtained a loan during October 2002 in the original principal amount of Two Hundred Twenty-Four Thousand Dollars ($224,000.00). The proceeds of this loan were applied, in part, to satisfy the indebtedness secured by a Deed of Trust dated January 26, 2001 in the original principal amount of One Hundred Twenty-Two Thousand Seven Hundred Fifty Dollars ($122,750.00).

11.     Defendant Artis subsequently obtained a loan during May 2005 in the original

3

principal amount of Three Hundred Thousand Dollars ($300,000.00). The proceeds of this loan were applied, in part, to satisfy indebtedness secured by a Deed of Trust dated October 15, 2002 in the original principal amount of Two Hundred Twenty-Four Thousand Dollars ($224,000.00).

12.     Based upon the foregoing, it is believed and therefore alleged that Defendant Artis received net proceeds from these two (2) refinances in excess of One Hundred Thousand Dollars ($100,000.00). Despite the foregoing, Defendant Artis now claims, in her Court filings in the current Chapter 13 case, that there are no liens on the Property and that she owes nothing pursuant to the loan she obtained in 2005.

13.     As set forth herein, Plaintiff requests that the Court grant declaratory relief regarding the Deed of Trust recorded in 2005 and the debt secured thereby (Count I). Plaintiff also requests relief in the alternative for equitable subrogation (Count II). Plaintiff further seeks a determination that Defendant Artis is liable for the loan she obtained during 2005 (Count III).

## STATEMENT OF FACTS

14.     Defendant Artis is the owner of certain improved real property located at 906 Jackson Valley Court, Bowie, Maryland 20721. Defendant Artis obtained ownership of the Property pursuant to a Deed dated May 31, 2000. The Deed was recorded among the land records of Prince George's County at Liber 13893, folio 320. A copy of the Deed is attached hereto and incorporated herein as Plaintiff's Exhibit No. 1.

15.     At the time of the purchase of the Property, Defendant obtained a loan in the original principal amount of One Hundred Twenty-Three Thousand Four Hundred Fifty Dollars ($123,450.00). Defendant executed a Purchase Money Deed of Trust dated May 31, 2000 securing repayment of this loan.  The Purchase Money Deed of Trust was recorded among the Land

4

Records at Liber 13893, folio 323. A copy of the Purchase Money Deed of Trust dated May 31, 2000 is attached hereto and incorporated herein as Plaintiff's Exhibit No. 2.

16.     Defendant thereafter refinanced the foregoing indebtedness and obtained a loan in the original principal amount of One Hundred Twenty-Two Thousand Seven Hundred Fifty Dollars ($122,750.00). Defendant executed a Refinance Deed of Trust dated January 26, 2001 securing repayment of this indebtedness. The Refinance Deed of Trust was recorded among the Land Records at Liber 14347, folio 367. A copy of the Refinance Deed of Trust is attached hereto and incorporated herein as Plaintiff's Exhibit No. 3.

17.     The proceeds of Defendant's 2001 refinance loan were applied to satisfy the indebtedness secured by the Purchase Money Deed of Trust dated May 31, 2000, in full. A Certificate of Satisfaction dated February 6, 2001 stating that the indebtedness secured by the Purchase Money Deed of Trust dated May 31, 2000 had been paid and satisfied was recorded among the Land Records at Liber 14467, folio 171. A copy of the Certificate of Satisfaction dated February 6, 2001 is attached hereto and incorporated herein as Plaintiff's Exhibit No. 4.

18.     Defendant thereafter refinanced the indebtedness secured by the Refinance Deed of Trust and obtained a loan in the original principal amount of Two Hundred Twenty-Four Thousand Dollars ($224,000.00). Defendant executed a Deed of Trust dated October 15, 2002 securing repayment of this indebtedness. The Deed of Trust dated October 15, 2002 [the "October 2002 DOT"], was recorded among the Land Records at Liber 16382, folio 033. A copy of the Deed of Trust is attached hereto and incorporated herein as Plaintiff's Exhibit No. 5.

19.     The proceeds of the foregoing loan were applied, in part, to satisfy the indebtedness secured by the Deed of Trust dated January 26, 2001, in full. A Certificate of Satisfaction dated November 13, 2002 stating that the indebtedness secured by the Deed of Trust dated January 26,

2001 had been paid and satisfied was recorded among the Land Records at Liber 16472, folio 366. A copy of the Certificate of Satisfaction dated November 13, 2002, is attached hereto and incorporated herein as Plaintiff's Exhibit No. 6.

20.     Defendant Artis subsequently refinanced the October 2002 loan and obtained a loan in the original principal amount of Three Hundred Thousand Dollars ($300,000.00) [the "May 2005 Loan"] from WMC Mortgage Corp. ["WMC"]. Defendant executed a Deed of Trust dated May 13, 2005 [the "May 2005 DOT"], securing repayment of this indebtedness. The Deed of Trust was recorded among the Land Records at Liber 23305, folio 573. A copy of the Deed of Trust dated May 13, 2005 is attached hereto and incorporated herein as Plaintiff's Exhibit No. 7.

21.     The proceeds of the May 2005 Loan were applied, in part, to satisfy the indebtedness secured by the Deed of Trust dated October 15, 2002. A Certificate of Satisfaction dated June 17, 2005 stating that the indebtedness secured by the Deed of Trust dated October 15, 2002 had been paid and satisfied was recorded among the Land Records at Liber 22581, folio 486. A copy of the Certificate of Satisfaction dated June 17, 2005 is attached hereto and incorporated herein as Plaintiff's Exhibit No. 8.

22.     According to the Finance Affidavit recorded with the Deed of Trust dated May 13, 2005, the proceeds of the May 2005 Loan satisfied the balance of the October 2002 Loan in the amount of Two Hundred Nineteen Thousand Three Hundred Eighty-Seven Dollars and Forty-Two Cents ($219,387.42). The Finance Affidavit was recorded among the Land Records at Liber 23305, folio 594. The Finance Affidavit is included herein as part of Plaintiff's Exhibit No. 7.

23.     The Finance Affidavit is executed under penalties of perjury by Defendant. The Finance Affidavit is also notarized by a <u>jurat</u> dated May 13, 2005.

24.     It is believed and therefore alleged that over Twenty-Four Thousand Dollars ($24,000.00) from the proceeds of the May 2005 Loan was paid to the Chapter 13 Trustee to satisfy the amount due under Defendant's confirmed Chapter 13 Plan. A copy of the Chapter 13 Trustee's Final Report and Account dated October 4, 2005 and filed in Defendant's Chapter 13 matter, Case No. 03-20696 PM, is attached hereto and incorporated herein as Plaintiff's Exhibit No. 9.

25.     Defendant thereafter obtained a loan in the original principal amount of Thirty-Six Thousand Fifty-Five Dollars ($36,055.00) from H&R Block Mortgage Corporation, on or about May 15, 2007 [the "May 2007 Loan"]. Defendant executed a Second Deed of Trust [the "Second DOT"], dated May 15, 2007, securing repayment of the May 2007 Loan. The Second DOT was recorded among the Land Records at Liber 28985, folio 368. A copy of the Second DOT is attached hereto and incorporated herein as Plaintiff's Exhibit No. 10. Upon information and belief, Defendant ADA is the successor in interest to H&R Block Mortgage Corporation.

26.     The Second DOT expressly states, in pertinent part, that it is recorded against the Property "[S]ubject to the lien, operation and effect for the Deed of Trust (the "First Deed of Trust") dated May 13, 2005, from the Borrower, as Grantor, for the benefit of WMC Mortgage Corporation…" See Plaintiff's Exhibit No. 10 at p. 1. The Second DOT is notarized by jurat dated May 15, 2007.

27.     According to filings made in Defendant's Chapter 13 Case, Defendant denies that the Property "… is encumbered by any valid Deed of Trust." Defendant further denies that she signed the May 2005 DOT and corresponding Note. Defendant also denies that she "borrowed any sum of money" as evidenced by the "alleged Deed of Trust and/or Note." See Amended Debtor's

7

(sic) Opposition to Motion for Relief from Automatic Stay, filed in the Chapter 13 case on December 7, 2009 at docket entry No. 32.

28.     Plaintiff is the owner of the May 2005 Loan, the Adjustable Rate Note dated May 13, 2005 and the Deed of Trust dated May 13, 2005.

## COUNT I
## DECLARATORY RELIEF
## (ALL DEFENDANTS)

29.     Plaintiff incorporates all of the facts and allegations contained in paragraphs one (1) through twenty-eight (28) herein into this Count, and further states as follows:

30.     WMC provided Defendant with the May 2005 Loan. The proceeds of the May 2007 Loan were applied, in part, to satisfy Defendant's indebtedness pursuant to the October 2002 Loan, as secured by the October 2002 DOT. See Plaintiff's Exhibit 8. A portion of the proceeds of the May 2005 Loan were also applied to satisfy Defendant's obligation under her Chapter 13 Plan. See Plaintiff's Exhibit No. 9.

31.     The May 2005 Loan was provided to Defendant with the intention that Defendant's obligation to repay the indebtedness would be secured by a first priority Deed of Trust recorded against the Property.

32.     Defendant accepted the funds provided by the May 2005 Loan and derived a significant benefit from such funds.

33.     Antagonistic claims exist between the Plaintiff and the Defendants. The claims indicate imminent and inevitable litigation.

34.     Plaintiff maintains that the May 2005 DOT is valid and enforceable, and is a first priority lien against the Property. Plaintiff is entitled to judgment establishing its position as a

valid and perfected first lien holder pursuant to the May 2005 DOT recorded against the Property.

35. Plaintiff further maintains that the Note is valid and enforceable and that Defendant Artis is liable for the sum due under the Note.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

A. **DETERMINE** and adjudicate the liens and priorities of those liens on and against the Property; and further,

B. **DETERMINE** and adjudicate the rights and liabilities of the parties with respect to the Note, and Deed of Trust dated May 13, 2005 and the Second DOT; and further,

C. **ENTER** judgment establishing that the May 2005 DOT is a valid and enforceable Deed of Trust, with priority over the Second DOT; and

D. **ORDER** that the May 2005 DOT may be foreclosed upon, according to the terms and conditions stated therein and

E. **ORDER** such other and further relief as this action may require.

<u>**COUNT II**</u>
**EQUITABLE SUBROGATION**
**(ALL DEFENDANTS)**

36. Plaintiff incorporates all of the facts and allegations contained in paragraphs one (1) through twenty-eight (28) herein into this Count, and requests the following relief, **in the alternative:**

37. WMC provided Defendant with the May 2005 Loan. The proceeds of the May 2005 Loan were applied, in part, to satisfy Defendant's indebtedness pursuant to the October 2002 Loan, as secured by the October 2002 DOT. <u>See</u> Plaintiff's Exhibit 8. A portion of the

9

proceeds of the May 2005 Loan were also applied to satisfy Defendant's obligation under her Chapter 13 Plan. See Plaintiff's Exhibit No. 9.

38. The May 2005 Loan was provided to Defendant with the intention that Defendant's obligation to repay the indebtedness would be secured by a first priority Deed of Trust recorded against the Property.

39. Defendant accepted the funds provided by the May 2005 Loan and derived a significant benefit from such funds.

40. Based upon this payment, Wells Fargo Home Mortgage, Inc., released its Deed of Trust and recorded a Certificate of Satisfaction dated June 17, 2005. See Plaintiff's Exhibit No. 8.

41. In addition, according to the Finance Affidavit recorded with the Deed of Trust dated May 13, 2005, the proceeds of the May 2005 Loan satisfied the balance of the October 2002 Loan in the amount of Two Hundred Nineteen Thousand Three Hundred Eighty-Seven Dollars and Forty-Two Cents ($219,387.42). See Plaintiff's Exhibit No. 7.

42. Pursuant to the doctrine of equitable subrogation, a party who pays a prior lender is subrogated to the position and priority of the prior lender.

43. Based upon WMC's payment of Two Hundred Nineteen Thousand Three Hundred Eighty-Seven Dollars and Forty-Two Cents ($219,387.42), Plaintiff is entitled to a first lien position against the Property in this amount.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

A. **ENTER** judgment against Defendants in favor of Plaintiff establishing that Plaintiff holds a first lien position against the Property pursuant to the Wells Fargo Home Mortgage, Inc., Deed of Trust dated October 15, 2002; and further,

  **B.** **ENTER** judgment against Defendants in favor of Plaintiff establishing that the Second Deed of Trust dated May 15, 2007 is subordinate lien position to the Wells Fargo Deed of Trust dated October 15, 2003; and

  **C.** **ORDER** such other and further relief as this action may require.

**COUNT III**
**ALLOWANCE OF PROOF OF CLAIM**
**(DEFENDANT ZOE M. ARTIS)**

  44. Plaintiff incorporates all of the facts and allegations contained in paragraphs one (1) through twenty-eight (28) herein into this Count, and further states as follows:

  45. WMC agreed to loan Defendant Artis the sum of Three Hundred Thousand Dollars ($300,000.00), pursuant to the refinance of the existing indebtedness on the Property during May 2005.

  46. Defendant Artis accepted the terms of the May 2005 Loan and agreed to repay this debt pursuant to the terms of the Adjustable Rate Note dated May 13, 2005 [the "Note"]. A copy of the Note is attached hereto and incorporated herein as Plaintiff's Exhibit No. 11.

  47. Defendant Artis has breached the terms of the May 2005 Loan and Note by failing to pay the sums due under the Note. Defendant Artis is in default under the terms of the May 2005 Loan and Note.

  48. Plaintiff has incurred damages as a direct and proximate result of Defendant Artis' breach of the May 2005 Loan and Note. Plaintiff has also incurred attorneys' fees as a result of Defendant Artis' breach.

  49. Defendant Artis' indebtedness to Plaintiff is secured by the May 2005 DOT.

50.     Plaintiff filed an Amended Proof of Claim in Debtor's bankruptcy case dated December 7, 2009 (Claim No. 4). Based upon the foregoing, Plaintiff's Proof of Claim is an allowed secured claim.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A.     **ORDER** that Plaintiff has an allowed secured claim against Defendant Zoe M. Artis in an amount to be determined; and

B.     **AWARD** Plaintiff prejudgment interest on its claim in the full amount permitted under applicable law; and

C.     **ORDER** such other and further relief as this action may require.

**McNamee Hosea Jernigan Kim
Greenan & Lynch, P.A.**

**/s/ Christopher L. Hamlin**
Mark W. Schweitzer, Esquire (Fed. Bar No. 14402)
Christopher L. Hamlin (Fed. Bar No. 04597)
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
Phone: (301) 441-2420
Fax: (301) 982-9450
E-mail: mschweitzer@mhlawyers.com
E-mail: chamlin@mhlawyers.com

Attorneys for Plaintiff DLJ Mortgage Capital, Inc.